STOCKMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

KLEMP, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 13—October 8, 1940.*

*Jacob Geffs* of Janesville, for the plaintiffs in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *John H. Matheson,* district attorney of Rock county, and oral argument by *Mr. Platz.*

WICKHEM, J.   On February 8, 1940, one Owen M. Rex signed and swore to separate complaints against plaintiffs in error charging that on October 26, 1939, each plaintiff unlawfully, feloniously, and maliciously threatened to accuse one J. R. Wolfe of a crime with intent thereby to extort money.   After preliminary examinations, plaintiffs in error were held for trial.   Upon trial, the state's evidence was to the effect that Wolfe owned and operated a beer tavern at Milton Junction.   On October 25, 1939, plaintiffs in error, accompanied by Mrs. Klemp's daughter Olga, aged seventeen, and one Charles Palmer, drove up to Wolfe's place of business, and Olga went in and purchased

four sandwiches and four bottles of beer; that the next evening plaintiffs in error went together to Wolfe's tavern and had a conference with him and with Mrs. Wolfe; that Mrs. Klemp threatened to complain to the judge and sheriff that Wolfe had made a sale of beer to her minor daughter and demanded $100 as the price of silence; that she also demanded that he cancel a bill of $11.94 owed to him by Stockman; that Wolfe agreed finally to cancel the bill and to pay $40 to Mrs. Klemp, and the latter signed a receipt for the money. The defense was that Stockman merely settled a disputed bill, and Mrs. Klemp a claim for civil damages arising out of the sale of the beer.

The contention that the evidence produced upon the preliminary hearing and trial, respectively, was insufficient to warrant binding over or conviction is without merit. The jury was amply justified in finding that plaintiffs in error extorted money from Wolfe by maliciously threatening to accuse him of crime.

There are many errors assigned, some of the assignments being supported by little argument. In view of the court's disposition of the case, only such errors as are deemed prejudicial are here discussed.

The first contention is that the court erred in permitting the state, over objection, to cross-examine Mrs. Klemp as to alleged false reports of income made by her to the Rock county welfare department, and to put in evidence the reports themselves. We think that at least the admission of the reports was prejudicial error. It introduced evidence of a wholly separate substantive offense, unconnected with the crime with which plaintiff in error was charged, and under elementary principles this was error. *Fischer v. State,* 226 Wis. 390, 276 N. W. 640. That it was prejudicial we cannot doubt as its tendency was to show that Mrs. Klemp was willing to resort to dishonest and unscrupulous means to obtain money even from those administering public re-

lief. It necessarily prejudiced Stockman because of his close association with her in the transaction charged as error.

The court instructed the jury:

"But, if you find that the receipt was given by Elizabeth Klemp to Jasper Wolfe by Elizabeth Klemp threatening Wolfe of a crime or to injure him in his trade, profession or business, or with intent to extort money from Jasper Wolfe, then it would be your duty to find the defendant, Elizabeth Klemp, guilty."

The instruction is plainly erroneous by reason of the insertion of the word "or" between the words "business" and "with." Thus, literally, "with intent to extort money" is stated not as an essential accompaniment to the acts preceding it but as an independent, separate substantive offense. While in at least two other places in the instruction the law is clearly and correctly stated, the portion complained of is so specifically addressed to a material hypothesis of fact that we deem it misleading and prejudicial.

The next assignment of error relates to the following instruction:

"If Elizabeth Klemp desired to institute a civil suit to recover damages for the sale of beer to her minor daughter, Olga, it would be necessary for her to show that Mr. Wolfe wilfully and repeatedly sold beer to Olga Klemp and by such repeated and wilful sales, she had formed a drug habit; and she would further have to prove that through such sales, she had lost the services of her daughter, Olga Klemp."

This instruction is patently erroneous and largely immaterial. The question was whether Mrs. Klemp sought to settle a claim for civil damages which she in good faith supposed she had against Wolfe or whether she extorted money under threat of criminal prosecution. The elements of a civil cause of action unless known to her would be immaterial, and to recite them to the jury was mis-

leading and prejudicial error if the statement had been accurate.

The next instruction complained of was:

"It is for the jury to determine the facts from the evidence and the law from either the court or the arguments of counsel."

We shall not labor the obvious point that this was error, and in view of the fact that other prejudicial errors were found, we shall not extend the opinion by considering whether it was prejudicial. It was doubtless an inadvertence on the part of the trial court that will not be repeated. Under all the circumstances, we consider that the errors held to be prejudicial were prejudicial to both defendants, and that a new trial must be had as to both.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant each plaintiff in error a new trial.